IToeehbimer, J.
This was an action to recover- damages from the city of Cincinnati because of alleged wrongful appropriation by the city of a certain sewer claimed to be the property of plaintiffs and certain co-defendants.
The petition, in substance, alleged that the plaintiffs and co-defendants of the city were the owners of a sewer extending from Alabama street north to Arlington street on Johnson street, and thehee west from the intersection of those streets to Mill-creek; that the sewer was constructed in 1874 by the city and certain individuals; that it was maintained pursuant to an agreement entered into between the parties who built it until the year 1899; that in 1899 the city built sewers in neighboring territory and connected same with the sewer in question thus appropriating the private sewer.
*138 The city by answer denies that the plaintiffs are the owners of said sewer except the south 870 feet; it denies any wrongful appropriation except as to said 870 feet, and it admits liability as for appropriation of an easement in said portion.
A jury was waived by agreement of the parties and the cause submitted to 'the court on an agreed statement of facts and the law.
These facts, in substance, show that the sewer was built in 1874; that after it was built the parties entered into an agreement for its maintenance, and that it was maintained under the agreement until 1890; that since that date these parties have neither maintained nor repaired it; that in 1899 the city connected a sewer of its own with said sewer; that in 1876 the property on which the portion of said sewer between the points nineteen feet south of the north line of section 26 and Arlington street lay was dedicated by the owners to the city, and that subsequently the plat of 'dedication was approved by council and the board of aldermen. In 1877 the property in which the portion of the sewer between the intersection of Johnson and Arlington streets and the right of way of the Baltimore & Ohio Southwestern Railroad Company lay was dedicated by the owners to the city and said plat of dedication was subsequently approved by the council and the board of aldermen. In 1905 Neff executed a deed to the city purporting to convey the sewer and the easement in his property, extending from the B. & O. right of way to Millcreek, the terminus of the sewer.
In determining whether the city is liable for wrongful appropriation, the sewer must be considered as though divided into three distinct parts:
First. The sewer from a point nineteen feet south of the north line of section 26 to its outlet.
The agreed statement of facts shows that Neff, the owner of the fee, deeded to the city the sewer on his land and the easement. If I understand the claim of plaintiffs, it is that Neff was without power to give title to this sewer or the easement, because the contract of 1874 had been recorded, and that it was in effect an incumbrance on Neff’s property. But plaintiffs failed to show that Neff, or his predecessors in title, were parties *139 to the contract, or that they or the land was in any way bound by a contract, which was simply a contract between certain parties to keep the sewer in repair.
As I view it, there was absolutely nothing to prevent Neff from exercising a right common to his general ownership in the land by deeding to the city the sewer' and the easement on his property. If the plaintiffs acquired anything by virtue of the recorded contract it could not have been more than an easement — a right for special purpose — a right to drain through the Neff property. This right has not been interfered with by the city, because under the agreed statement of facts (see paragraph 13) these parties continued to drain into the sewer precisely as they did prior to the allégecl appropriation by the city. In view of these facts I fail to see how the city could be held liable as for wrongful appropriation for draining into this sewer.
Second. Coming now to that portion of the sewer lying in the dedicated street, is there any liability for the use thereof by the city?
I do not think it lies in the mouths of these plaintiffs to say that no dedication has taken place (Wisby v. Bonte, 19 Ohio St., 238-247; Winslow v. Cincinnati, 16 N. P., affirmed by the Supreme Court). So that the city is vested with the title to these streets as referred to in the resolution (exhibits B and C) for street purposes. This being so, the question would be, Have these plaintiffs any superior proprietary rights in such streets or in the soil or in its incidents? or, in short, in the bricks - constituting the sewer in said dedicated streets ? The city when it acquired the title to those streets, it is true, did not acquire a private proprietary title (see Zanesville v. Telegraph & Tel. Co., 64 Ohio St., 67). While it acquired a fee, it was a base, qualified or determinable fee. It was subject to the property rights of abutting owners, namely, that of ingress and egress. The property rights existent in the land between street lines and over and above the property rights or easements of the abutting owners must fóllow the fee and belong to the municipality (Butler v. Cincinnati, 2 C. C. — N. S., 376; Henry v. Cincinnati, 1 C. C. — N. S., 289; Callen v. Electric *140 Light Co., 66 Ohio St., 166-173-180; Hamilton, G. & C. Trac. Co. v. Parish, 67 Ohio St., 181). Under these authorities the city unquestionably had the right to use these dedicated streets for all legitimate street uses, and sewerage is such a use. Elster v. Springfield, 49 Ohio St., 82-96; Cincinnati v. Penny, 21 Ohio St., 499.
' If in draining into and through these streets in the exercise of this right the city came upon the oldest sewer, I see no reason why it was not entitled to drain through the particular part of the street taken up or occupied by the old sewer if it chose so to do. To hold otherwise and that this right was subject to private claims would mean that the dedication to the public was in some way restricted or subject to the alleged property rights of those persons who claim to own the sewer, but I find nothing in the agreed statement of facts or in the law which would form a predicate for such claim. What was said with reference to the plaintiffs’ rights under the first subdivision hereof is also true here.
If these plaintiffs have any right at all it is the right for easement or drainage but plaintiffs’ rights in this regard have not been disturbed. They continue to enjoy their rights just as they did prior to the acts complained of. I can find no ground of liability as to this portion of the sewer.
Third. The sewer from Alabama street to a point nineteen feet south of the north line of section 26.
This portion of the sewer is in private property, and the city has neither received a deed from the owners of the land in which it lies as in subdivision one, nor has there been any dedication as in subdivision two. Under such a state of facts the liability of the city for the appropriation by it in this section or rather for the easement in the said 870 feet is determined in McDonald v. Cincinnati, 4 N. P., 253-255. See last part of the decision of Hunt, J. (Smith and Jackson, JJ., concurring) .
According to the stipulation the value of this easement is $350. I am of the opinion that under the facts as here presented and under the law, plaintiffs are entitled to recover a judgment *141 against the city in the said sum of $350 with interest (as agreed in paragraph 4) from July 1, 1904, and it is so-ordered.
L. F. Hanger and W. T. Porter, for plaintiffs.
John R. Schindel, Assistant City Solicitor, contra.
Judgment accordingly.